# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BETTY POST, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:19-CV-00171-JAR |
| DOLGENCORP, LLC, | ) ) ) |
| Defendant, | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Betty Post's motion for voluntary dismissal without prejudice. (Doc. No. 13). Defendant Dolgencorp, LLC, opposes the motion (Doc. No. 15), and Plaintiff filed a reply (Doc. No. 16). For the reasons set forth below, Plaintiff's motion for voluntary dismissal without prejudice will be denied.

### I.  Background

On September 18, 2018, Plaintiff filed her personal injury lawsuit in the Circuit Court of Maries County, State of Missouri. On February 1, 2019, Defendant removed the lawsuit to federal court on the basis of diversity jurisdiction, asserting that there exists complete diversity between the parties[1] and the amount of controversy exceeds $75,000.

On March 28, 2019, Plaintiff filed the instant motion for voluntary dismissal without prejudice, indicating her intent to re-file and try this case in Missouri state court. Plaintiff asserts that she intends to revise her Petition to include individual defendants who are Missouri residents, thus destroying diversity jurisdiction. Specifically, Plaintiff intends to assert claims of

---

[1] The parties do not dispute that Plaintiff is a citizen of Missouri and Defendant is a citizen of Kentucky.

1

individual negligence against the store manager and employees on duty at the time and/or tasked to monitor and clean the store. (Doc. No. 13-1).

Defendant opposes the motion and argues that Plaintiff is engaging in impermissible forum shopping. Defendant further maintains that Plaintiff intends to fraudulently join unidentified diversity-destroying store managers and employees against whom Plaintiff has no independent claim. (Doc. No. 15). Specifically, Defendant filed affidavits of the store manager and employee working on the evening at issue stating that they had no knowledge or information that there was any plastic or other item on the floor where Plaintiff claims to have fallen. In reply, Plaintiff disputes Defendant's characterization of the state court action, but did not otherwise dispute Defendant's arguments. (Doc. No. 16).

## II.     Discussion

When deciding whether to grant a motion for voluntary dismissal, the "district court should consider . . . 'whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants.'" *Donner v. Alcoa, Inc.*, 709 F.3d 694, 697 (8th Cir. 2013) (quoting *Thatcher v. Hanover Ins. Grp., Inc.*, 659 F.3d 1212, 1213-14 (8th Cir. 2011)). A plaintiff cannot use a motion to voluntarily dismiss to seek a more favorable forum. *Id.*

"A decision whether to allow a party to voluntarily dismiss a case rests upon the sound discretion of the court. *Hamm v. Rhone-Poulenc Rorer Pharm., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999); *Blaes v. Johnson & Johnson*, 858 F.3d 508, 512 (8th Cir. 2017) (citation omitted). If a plaintiff files a motion to dismiss stating that he plans to add a diversity-destroying defendant and re-file in state court, it is an abuse of discretion if the district court fails to analyze whether the plaintiff's claim against the diversity-destroying defendant has any basis in law or

2

fact. *Donner*, 709 F. 3d at 696. An examination of the merits of a plaintiff's proposed claims against a diversity-destroying defendant is necessary because "an attempt to advance a nonviable claim strongly suggests a party's motive in requesting a voluntary dismissal is merely to seek a more favorable forum." *Id.* at 699.

Under Missouri law, an employee may be held personally liable to a third party in certain instances. *Augustine v. Target Corp.*, 259 F. Supp. 2d 919, 921 (E.D. Mo. 2003) (citing *State ex rel. Kyger v. Koehr*, 831 S.W.2d 953, 956 (Mo. Ct. App. 1992) (citations omitted). "First, when an employee has or assumes full and complete control of his employer's premises, his liability to the public or to invitees is the same as that of his employer." *Id.* "A second situation involves liability on the part of the employee who does not have complete control of the premises but may be liable for injury to third persons when he breaches some duty which he owes to such third person." *Id.* "The test is whether he has breached his legal duty or been negligent with respect to something over which he did have control." *Id.*

Here, the Court finds that a dismissal without prejudice would not necessarily waste judicial resources or prejudice Defendant, since the case is in the early stages of litigation. However, turning to the merits of the proposed claims, Plaintiff has provided very little information on the basis of his claims against Defendant's store manager and employee. Defendant, on the other hand, provides affidavits that suggest that Plaintiff may not have any meritorious claims against the diversity-destroying Defendants under Missouri law.

Further, it is clear from Plaintiff's motion for voluntary dismissal that she seeks to assert new claims against the store manager and employees for the sole purpose of avoiding federal jurisdiction. She states in her motion that she prefers that her current attorney remain as her trial counsel, and "Counsel does not desire to practice in the federal court system, but rather in State

3

of Missouri courts where counsel has practiced since 1992."[2] (Doc. No. 13-1). Plaintiff then states her desire to limit her expenses and costs associated with the case and that federal court has greater expenses associated with electronic filing. Lastly, Plaintiff states her preference to travel to a local courthouse for pre-trial, trial, and other case-related matters. These representations demonstrate that Plaintiff's intent for requesting voluntary dismissal is to avoid federal court, which is improper forum shopping under Eighth Circuit precedent. *Wingo v. State Farm Fire & Cas. Co.*, No. 13-3097-CV-S-FJG, 2013 WL 4041477, at *1 (W.D. Mo. Aug. 8, 2013). Therefore, the motion for voluntary dismissal will be denied.

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Betty Post's motion for voluntary dismissal without prejudice (Doc. No. 13) is **DENIED**.

The Court will by separate order set this matter for a Rule 16 Conference.

Dated this 3rd day of May, 2019.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that it granted counsel for Plaintiff's motion for admission pro hac vice, despite the fact that Local Rule 12.01(F) provides that "[u]nless allowed by a judge for good cause, an attorney may not be granted admission pro hac vice if the applicant resides in the Eastern District of Missouri, is regularly employed in the Eastern District of Missouri, or is regularly engaged in the practice of law in the Eastern District of Missouri." The Court granted the motion for good cause based on the representations of counsel.

4