# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| BETTY POST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:19-cv-00171-JAR |
| | ) | |
| DOLGENCORP, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Dolgencorp, LLC's Motion for Summary

Judgment. The motion is fully briefed and ready for disposition.

### Background[1]

On June 24, 2017, Plaintiff Betty Post entered the Dollar General Store located at 1005

Highway 28 in Belle, Missouri¸ grabbed a cart, and began walking through the aisles. While

looking at merchandise on the top of a shelf, Plaintiff slipped and fell on an 8x10 inch laminated

plastic sale sign that had fallen into the aisle, injuring her left knee. At the time of her injury, there

were other customers in the store, as well as two Dollar General Store employees, Donna

Grosvenor and Victoria Jones; however, Plaintiff was the only witness to her fall. Plaintiff alleges

that she has sustained a permanent injury to her knee that requires ongoing medical treatment, has

incurred medical expenses and lost wages, and has suffered and will continue to suffer pain and

---

[1]     Facts are taken from the parties' statements of material fact, responses and supplements
thereto.

discomfort. In sworn affidavits, both Ms. Grosvenor and Ms. Jones allege that they had no knowledge that the plastic sign was on the floor before Plaintiff fell.

On September 19, 2018, Plaintiff brought her negligence claim in the 25th Judicial Circuit of Maries County, Missouri, against Defendant Dolgencorp, LLC—the owner and operator of the Dollar General Store—seeking damages under a premises liability theory. Defendant removed the case to this Court on February 1, 2019, (Doc. No. 1) and moved for summary judgment on November 10, 2019. (Doc. No. 22). In its motion, Defendant makes a single argument: Defendant is entitled to summary judgment because Plaintiff cannot establish that Defendant had notice of the sale sign being on the floor. For the reasons discussed herein, the Court will deny Defendant's summary judgment motion.

## Legal Standard

Pursuant to Federal Rule of Civil Procedure 56(a), a court may grant a motion for summary judgment only if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden is on the moving party. *City of Mt. Pleasant, Iowa v. Assoc. Elec. Co-op. Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). In ruling on a motion for summary judgment, all reasonable inferences must be drawn in a light most favorable to the non-moving party. *Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005). The evidence is not weighed and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

Once the moving party demonstrates that there is no genuine issue of material fact, the nonmovant must do more than show there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party bears the burden of setting forth affirmative evidence and specific facts by affidavit and other evidence showing a genuine factual dispute that must be resolved at trial. *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 249 (1986); *Celotex*, 477 U.S. at 324. "A dispute about a material fact is 'genuine'

only 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"

*Herring v. Canada Life Assur. Co.*, 207 F.3d 1026, 1030 (8th Cir. 2000) (quoting *Anderson*, 477

U.S. at 248). On the other hand, judgment as a matter of law is appropriate only when there is no

legally sufficient evidentiary basis on which a reasonable jury could find for the nonmoving party.

Fed. R. Civ. P. 50(a). Because of their fact-intensive nature, "[s]ummary judgment is often

inappropriate in negligence cases." *Lacy v. Wright*, 199 S.W.3d 780, 782-83 (Mo. Ct. App. 2006)

(quoting *Bartel v. Cent. Markets, Inc.*, 896 S.W.2d 746, 748 (Mo. Ct. App. 1995)).

### Discussion

To recover in a slip-and-fall case against a retail store, a plaintiff must show: "(1) a

dangerous condition existed on Defendant's premises which involved an unreasonable risk; (2)

that Defendant knew or by using ordinary care should have known of the condition; (3) that

Defendant failed to use ordinary care in removing or warning of the danger; and (4) as a result,

Plaintiff was injured." *Rycraw v. White Castle Sys., Inc.*, 28 S.W.3d 495, 499 (Mo. Ct. App. 2000)

(citing *Morrison v. St. Luke's Health Corp.*, 929 S.W.2d 898, 903 (Mo. Ct. App. 1996)); *Christian*

*v. Saint Francis Med. Ctr.*, 536 S.W.3d 356, 358 (Mo. Ct. App. 2017), *reh'g and/or transfer*

*denied* (Jan. 3, 2018). Under Missouri law, whether a Defendant should have known about a

dangerous condition is no longer dependent on the length of time the hazard was in the area in

which the injury occurred. *Sheil v. T.G. & Y. Stores Co.*, 781 S.W.2d 778, 780 (Mo. 1989). Rather,

constructive notice is "predicated on the foreseeability of the risk." *Spencer v. Kroger Co.*, 941

F.2d 699, 703 (8th Cir. 1991).

Whether a risk is reasonably foreseeable is a question of fact to be determined by the

totality of circumstances, including the business's methods of merchandising and operating, as

well as the nature of the article causing the injury. *See id.*; *Sheil*, 781 S.W.2d at 780. Many

businesses choose to operate under a method of self-service merchandising, whereby they allow customers to walk through the aisles and handle the merchandise themselves. Missouri has recognized that this method of merchandising makes it "more likely that items for sale and other foreign substances will fall to the floor." *See Head v. Nat'l Super Markets, Inc.*, 902 S.W.2d 305, 307 (Mo. Ct. App. 1995) (quoting *Sheil*, 781 S.W. 2d at 781). In choosing to operate under a self-service method of merchandising, the business is "charged with the knowledge of the foreseeable risks inherent in such a mode of operation," regardless of whether the hazard arises from its own products being misplaced on the floor "or some other device or condition." *Spencer*, 941 F.2d at 702 ("Foreseeable risks extend beyond a given store's products.").

Defendant admits that its store uses a self-service method of merchandising, but argues that a sale sign, unlike a piece of merchandise, is not a foreseeable risk that the store is charged to guard against because it is "not something a proprietor would expect a customer to remove and then put down" in the aisle. Beyond arguing that the type of hazard was not a foreseeable risk, Defendant offers the following proof that it did not have constructive notice of the laminated sign being in the aisle: Plaintiff's deposition testimony that she had been to the store on previous occasions and had never previously had a problem; her testimony that she was unaware of anyone else who had ever had a problem in the store (including any issue with a plastic sale sign); and the sworn affidavits of Ms. Grosvenor and Ms. Jones in which they state they had checked the aisles of the store prior to Plaintiff's fall and "were unaware of any slip or fall hazard."

In opposition, Plaintiff asserts that laminated sale signs are frequently used at Defendant's store and that, because Defendant chose a self-service method of merchandising, the sale sign falling to the floor was a dangerous, foreseeable condition. In addition, Plaintiff argues that the Defendant's choice to only have two employees on duty is evidence that Defendant did not use ordinary care to keep apprised of potential dangers in the store.

Upon review, the Court cannot say as a matter of law that Defendant did not have notice of the laminated sale sign falling into the aisle. Defendant admits that it operates its business under a self-service method of merchandising which, as Missouri courts have recognized, creates a greater risk of objects falling to the floor. Defendant also does not dispute that it hangs 8x10 laminated sale signs as a way to direct its customers to certain items. Beyond the parties' mutual acknowledgement that Defendant used laminated sale signs, there is a lack of clarity in the record as to how the sale signs were actually hung in the store (for example, whether the signs were in holders or taped to the front of shelves). The dearth of facts as to how the signs were displayed, whether securely or haphazardly, further weighs against the Court being able to make a summary judgment determination. Finally, Defendant has also admitted that it had only two employees staffing the store the day Plaintiff fell. Although the number of employees on staff does not necessarily weigh against the Defendant in regard to whether it had notice, its choice to operate its business with two members of staff may—in conjunction with other factors—lead to a finding that the sign falling to the ground was a reasonably foreseeable hazard.

In sum, whether Defendant knew or should have known about the danger under the totality of the circumstances—including Defendant's self-service method of merchandising, the nature of the laminated sign and how it was hung, and the number of employees on duty—is a question of fact for the jury under Missouri law. Given the fact intensive nature of this case, the Court finds that the granting of summary judgment would be inappropriate.

## Conclusion

For the foregoing reasons, the Court concludes that summary judgment is not proper in this case.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Dolgencorp, LLC's Motion for Summary Judgment (Doc. 22), is **DENIED.**

Dated this 6th day of April, 2020.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE